UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW D. GOODRICH,

    Plaintiff,                   CIVIL ACTION NO. 08-13664

vs.                              DISTRICT JUDGE ROBERT H. CLELAND
                                  MAGISTRATE JUDGE DONALD A. SCHEER

HOWARD V. TYREE, et.al.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL

This cause comes before the Court on Plaintiff's Application For Appointment of Counsel dated August 25, 2008, (Docket #3). The decision to appoint counsel for an indigent litigant is within the discretion of the district court. LaBeau v. Dakota, 815 F.Supp. 1074, 1076 (W.D. Mich. 1993) (citing Henry v. City of Detroit Manpower Dept., 763 F.2d 757, 760 (6th Cir. 1985), cert. denied, 474 U.S. 1036 (1985)). Appointment of counsel is not a constitutional right. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). This discretion rests upon a consideration of all the circumstances of the case, including the plaintiff's finances, his efforts to obtain counsel, and most importantly, whether the plaintiff's case appears to be meritorious. Henry at 760.

The Court has no funds to pay attorney fees for an indigent litigant in civil matters. Moreover, in an Opinion and Order of Partial Dismissal, dated October 9, 2008, this Court dismissed all but one defendant for failure to state a cause of action (Docket #6). The remaining defendant has not yet been successfully served with the Amended Complaint. Appointment of counsel would be premature until service is completed and the viability of

Plaintiff's claim is determined. Accordingly, Plaintiff's Application for Appointment of Counsel is DENIED.

The parties to this action may object to and seek review of this Order but are required to act within ten (10) days of service of a copy hereof as provided for in Fed.R.Civ.P. 72(a) and E.D.Mich.LR 72.1(d)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. Fed.R.Civ.P. 72. Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Order. Pursuant to E.D. Mich. LR 72.1(d)(1), a copy of any objection is to be served upon this Magistrate Judge.

*Note this especially, at the direction of Judge Cleland:* any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Order to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

SO ORDERED.

                                                    s/Donald A. Scheer
                                                    DONALD A. SCHEER
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: November 25, 2008

---

### CERTIFICATE OF SERVICE

I hereby certify on November 25, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 25, 2008: **Matthew Goodrich.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    Magistrate Judge Donald A. Scheer
                                                    (313) 234-5217