UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW D. GOODRICH,

        Plaintiff,                       CIVIL ACTION NO. 08-13664

vs.                                    DISTRICT JUDGE ROBERT H. CLELAND

                                        MAGISTRATE JUDGE DONALD A. SCHEER

HOWARD V. TYREE,

        Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendant's Motion for Summary Judgment should be GRANTED as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs.

\* \* \*

Plaintiff, while a state prisoner at the Saginaw Correctional Facility (SRF), in Saginaw, Michigan[1] filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on August 25, 2008. The Defendant is employed by the Michigan Department of Corrections (MDOC) as a physician assistant to provide health services to the inmates at SRF. Plaintiff alleges that the Defendant had been deliberately indifferent to his serious medical needs. Specifically, Plaintiff asserts that he suffered serious injuries to his back, hip and pelvis in an automobile accident prior to his incarceration. He avers that he re-injured his back in September 2005, while working at his prison job. Plaintiff claims that the Defendant, who provided primary care treatment for his joint pain during the relevant period, failed to

---

[1] Plaintiff is currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan.

provide him with necessary pain medications in a timely fashion. Claiming a violation of his Eighth Amendment rights, Plaintiff seeks declaratory and monetary relief.

Defendant filed a Motion for Summary Judgment on May 22, 2009, based upon a failure to state a claim of a lack of proper medical care. Defendant denies any deliberate indifference to a serious medical need.  He maintains that he was not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that he did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention.  Plaintiff filed a response to Defendants' Motion for Summary Judgment on July 1, 2009, arguing to the contrary.

<u>INADEQUATE MEDICAL TREATMENT</u>

In order to establish an Eighth Amendment claim for improper or inadequate medical treatment, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  In addition, mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment,  <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  <u>Estelle</u>, 429 U.S. at p. 106.  Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures.  <u>Westlake v. Lucas,</u> 537 F.2d 857, 860 (6th Cir. 1976).

A review of the circumstances here clearly demonstrates that Plaintiff's medical needs were not met with "deliberate indifference," "intentional delay," or "delay of access to medical care." Estelle, 429 U.S. at 104-105.  Plaintiff's voluminous medical record, obtained from the MDOC Bureau of Health Care, reveals that his medical needs were not treated with deliberate indifference (See medical records, attached as Exhibits A through C to Defendant's Motion for Summary Judgment).  Defendant outlined in chronological order the extensive medical treatment Plaintiff received for various conditions while he was incarcerated at SLF between 2005 and 2007. The record leaves little doubt that Plaintiff's medical needs were addressed in a timely fashion by Defendant and other members of the SLF medical staff.

Plaintiff was evaluated by numerous specialists and provided with several pain medications in an effort to help relieve his arthritic joint pain and other difficulties. Defendant was not deliberately or wantonly indifferent to Plaintiff's serious medical needs. The physician's assistant did not knowingly refuse to provide urgently needed medical care, and his conduct did not lead to residual injuries which could have been prevented with timely attention. Although Plaintiff may not have been happy with the decision to periodically change pain medications (from Percodan and Ultram to less addictive type drugs), the record demonstrates that Defendant was at all times responsive to his medical condition. In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976);  Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970).

For the foregoing reasons, it is recommended that Defendant's Motion for Summary Judgment be granted and the instant case be dismissed. Given this recommendation, Plaintiff's Motions for a Comprehensive Medical Exam (Docket #29) and for Supplemental Answers (Docket #39) should be denied. Defendant's Motion to Strike (Docket #51) should be denied as moot.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cleland's acceptance thereof is waived.

*Note this especially, at the direction of Judge Cleland:* any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Order to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: July 30, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 30, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 30, 2009: **Matthew Goodrich.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217