**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MATTHEW D. GOODRICH,

    Plaintiff,

v.                                                                        Case No. 08-CV-13664

HOWARD V. TYREE,

    Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO CONSOLIDATE FILING FEES**

Before the court is Plaintiff Matthew Goodrich's "Motion to Consolidate Filing Fees," filed on May 14, 2010. The court concludes a hearing on this motion is unnecessary. *See* E.D. Mich LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion.

**I. BACKGROUND**

On August 25, 2008, Plaintiff commenced a prisoner's civil rights action and filed an application to proceed without prepayment of the $350.00 filing fee. Pursuant to 28 U.S.C. § 1915(a), Plaintiff submitted an affidavit of all assets, his certified prisoner's account statement, and a signed authorization to withdraw funds. The court granted the application, assessed an initial partial filing fee of $0.00, and directed Plaintiff to "make monthly payments of twenty percent (20%) of the preceding month's income credited to plaintiff's account." (9/8/08 Order (citing 28 U.S.C. § 1915(b)(2)).)

Summary judgment was entered in favor of Defendant Howard Tyree on August 31, 2009. On October 1, 2009, Plaintiff filed a notice of appeal.

Plaintiff then filed an application to proceed without prepayment of fees on appeal. Plaintiff attached a certified copy of his prisoner trust account and an affidavit detailing his assets, attesting to his inability to pay the filing fee, stating the nature of the appeal, and declaring his belief that he is entitled to redress. After review of the application and supporting documentation, the court granted Plaintiff's application to proceed on appeal without prepaying the $455.00 filing fee. The court assessed an initial partial filing fee and directed Plaintiff to "make monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account." (11/9/09 Order at 3 (citing 28 U.S.C. § 1915(b)(2)).)

Plaintiff now seeks to have his district court filing fee of $350.00 and his court of appeals filing fee of $455.00 withdrawn from his prisoner account sequentially as opposed to the simultaneous manner in which the fees are currently being collected. At the time his motion was filed, Plaintiff owed a balance of $161.40 for his district court filing fee and a balance of $392.23 for his court of appeals filing fee. (Pl.'s Trust Account Statement.)

## II. DISCUSSION

Plaintiff asserts that the Michigan Department of Corrections is withdrawing 40% of all monies received by him—20% being allocated to his district court filing fee and 20% being allocated to the filing fee for his appeal. (Pl.'s Mot. at 2-3.) Plaintiff argues that the forty-percent assessment is burdensome because it limits the amount of funds available for expenses such as medical record copies, postage, carbon paper, envelopes, and legal copies. (*Id.*)

"In an effort to stem the number of frivolous inmate lawsuits, Congress amended 28 U.S.C. § 1915(b) to require inmates to pay filing fees in their civil actions and appeals." *Lafauci v. Cunningham*, 139 F. Supp. 2d 144, 145 (D. Mass. 2001). Title 28 U.S.C. § 1915(b) provides, in relevant part:

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).

The statute does not specifically address the manner in which those fees are to be collected if multiple filing fees are incurred. The circuits are split as to "whether the recoupment rate cumulates by 20 percent for each outstanding encumbrance as collection proceeds in simultaneous fashion, or else remains constant at 20 percent as each encumbrance is satisfied in sequential fashion." *Whitfield v. Scully*, 241 F.3d 264, 276 (2d Cir. 2001).

The Sixth Circuit has never specifically answered this question. *Thomas, III v. Smith*, No. 2:08-cv-938, 2008 WL 5105158, at *1 (S.D. Ohio Dec. 1, 2008). The majority of circuits to consider the issue have adopted the simultaneous or "per case" approach. *Christensen v. Big Horn County Bd. of County Comm'rs*, Nos. 09-8040, 09-8054, 2010 WL 1627833 (10th Cir. Apr. 15, 2010); *Atchison v. Collins*, 288 F.3d 177, 180-81 (5th Cir. 2002); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 612 (8th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000), *and by Walker v. O'Brien*,

216 F.3d 626, 628-29 & n.1 (7th Cir. 2000). The district courts within the Sixth Circuit that have addressed the issue have also applied the majority "per case" approach. *Thomas, III*, 2008 WL 5105158; *Suggs v. Caballero*, No. 06-13931, 2007 WL 541909 (E.D. Mich. Feb. 16, 2007) (concluding that "the 'per case' rule represents the better reasoned approach"); *Lyon v. Kentucky State Penitentiary*, No. Civ.A.5:02CV-P53-R, Civ.A.5:03CV-P10-R, 2005 WL 2044955 (W.D. Ky. Aug. 23, 2005) (relying on *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)). Under the "per case" approach, a prisoner must pay 20% of his or her monthly income towards each filing fee incurred. For example, a prisoner proceeding in forma pauperis in four cases would have 80% of his or her monthly income collected for payment of the filing fees.

Courts that have adopted this approach have construed the language of § 1915(b)(2) in light of the language of § 1915 as a whole and have concluded that the unambiguous language mandates a "per case" approach. *Atchison*, 288 F.3d at 180; *see also Christensen*, 2010 WL 1627833, at *7-*8; *Hendon v. Ramsey*, 478 F. Supp. 2d 1214, 1219 (S.D. Cal. 2007). To proceed in forma pauperis in a civil action or on appeal under § 1915, a prisoner is required to: (1) submit "an affidavit that includes a statement of all assets such prisoner possesses," 28 U.S.C. § 1915(a)(1), (2) submit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal," 28 U.S.C. § 1915(a)(2), and (3) pay, if funds exist, "an initial partial filing fee," 28 U.S.C. § 1915(b)(1). The Southern District of California has aptly summarized how these provisions support the "per case" approach:

> The plain language of [§ 1915(a)(2)] provides that a prisoner is required to submit a copy of his trust fund account statement each time he files a complaint or notice of appeal, because the statement must reflect the prisoner's income for the six months preceding the filing date. . . . The plain language of [§ 1915(b)(1)] indicates that each time a prisoner "brings a civil action or files an appeal", an "initial partial filing fee" is assessed. *See id.* Thus, an initial filing fee is collected each time a prisoner initiates an action, rather than once per prisoner irrespective of the number of actions the prisoner has filed.
>
> Section 1915(b)(2), the subsection contested here, provides that "[a]fter the payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income . . . to the clerk of the court." 28 U.S.C. § 1915(b)(2). Given that the other provisions of § 1915 require a prisoner to submit documents and pay initial filing fees for each civil action or appeal he files, § 1915(b)(2) lends itself to a reading that the 20 percent monthly payments must also be collected for each civil action or appeal filed. In other words, the overall statutory scheme is written in a manner that requires prisoners to complete procedures and pay fees on a per case basis, rather than a per prisoner basis. Further, § 1915(b)(2) references "the initial partial filing fee" discussed in § 1915(b)(1), suggesting that the subsections of the statute are intended to be read as an overall statutory scheme.

*Hendon*, 478 F. Supp. 2d at 1219.

Also, courts that have adopted the "per case" approach have reasoned that it is consistent with the statutory policy underlying the Prison Litigation Reform Act ("PLRA"). *Newlin*, 123 F.3d at 429. The *Newlin* court stated that "[t]he PLRA is designed to require the prisoner to bear some marginal cost for each legal activity. Unless payment begins soon after the event that creates the liability, this will not happen." *Id.* Moreover, under a "per prisoner" approach, "a prisoner could file multiple suits for the price of one, postponing payment of the fees for later-filed suits until after the end of imprisonment (and likely avoiding them altogether)." *Id.*

5

On the other hand, the Second Circuit has adopted the "per prisoner" or sequential approach. *Whitfield*, 241 F.3d at 276-77; *see also Lafauci*, 139 F. Supp. 2d at 146 ("adopt[ing] the Second Circuit's reasoning in *Whitfield* and conclud[ing] that § 1915(b)(2) requires that filing fees be collected from indigent prisoners sequentially, rather than simultaneously"). Under this approach, the statute's specification of a twenty-percent assessment is viewed as a "uniform ceiling." *Whitfield*, 241 F.3d at 276. Thus, no more than 20% of a prisoner's monthly income is collected to pay filing fees, no matter how many outstanding filing fees are owed.

In adopting the sequential or "per prisoner" approach, the Second Circuit reasoned that a simultaneous assessment "could pose a serious constitutional quandary." *Id.* at 277. Specifically, the Second Circuit noted that a simultaneous assessment could lead to the collection of 100% of a prisoner's monthly income thereby potentially unreasonably burdening a prisoner's constitutional right of meaningful access to the courts. *Id.* at 276-77. Relying on the Supreme Court's mandate to "avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question," the Second Circuit adopted the sequential or "per prisoner" approach. *Id.* at 277 (quoting *Gomez v. United States*, 490 U.S. 858, 864 (1989)).

The courts adopting the "per case" or simultaneous approach have rejected the Second Circuit's constitutional concern. *See Atchison*, 288 F.3d at 181 ("Even if these constitutional arguments had merit, we would be bound by the unambiguous meaning of the text. After all, the duty to avoid constitutional questions is not a license to rewrite

6

the statute."). The *Hendon* court provided a thorough explanation of why the "per case"

or simultaneous approach does not raise constitutional issues:

> [T]he Supreme Court has stated that "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith*, 430 U.S. 817 (1977). Thus, even if 100 percent of Plaintiff's income is recouped for filing fees, he will not be denied access to paper, writing instruments, or postage because the government is required to provide these materials to indigent inmates. Similarly, as noted by the Ninth Circuit, "[b]ecause prisoners are in the custody of the state and accordingly have the 'essentials of life' provided by the government," even the most indigent prisoner subject to the cumulative collection of filing fees required by § 1915(b) will not be "required to make choices between his lawsuit and the necessities of life." *See Taylor v. Delatoore*, 281 F.3d 844, 849 (2002) (citations omitted). Further, § 1915(b)(4) expressly provides that a prisoner cannot "be prohibited from bringing a civil action" simply because he is impoverished. *Id.* at 848. As a result, Plaintiff will still be permitted to initiate actions even if 100 percent of his monthly income is collected for filing fees.

*Hendon*, 478 F. Supp. 2d at 1220.

The court finds the *Hendon* court's reasoning persuasive and agrees with the majority of circuit courts as well as the district courts in the Sixth Circuit that the "per case" rule is the correct interpretation of § 1915(b)(2). The language of § 1915 as a whole supports this approach, and this interpretation of the statute does not present constitutional problems. *Christensen*, 2010 WL 1627833, at *6-*10; *Atchison*, 288 F.3d at 180-81; *Hendon*, 478 F. Supp. 2d at 1219-20. The court will therefore apply the "per case" or simultaneous rule in this case.

For both his initial civil action and his appeal, the court granted Plaintiff's application to proceed without prepayment of fees and directed Plaintiff to make monthly payments of 20% of his preceding month's income. Applying the "per case" or simultaneous rule, the court concludes that, each time the amount in Plaintiff's account

7

exceeds $10, Plaintiff must pay 40% of his monthly income towards his outstanding filing fee obligations—20% towards his district court filing fee and 20% towards his court of appeals filing fee. *See* 28 U.S.C. § 1915(b)(2). Although most of the cases applying the "per case" or simultaneous approach have involved a prisoner who has filed multiple district court actions, the statutory fee obligations under § 1915 apply separately to both the filing of civil actions and the filing of appeals. Thus, a prisoner, including Plaintiff, "who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40 percent." *Newlin*, 123 F.3d at 436 (holding that "the fees for filing the complaint and appeal cumulate"); *see also Christensen*, 2010 WL 1627833, at *10 (holding that "§ 1915(b)(2) authorizes cumulative deductions of twenty percent for each civil action or appellate filing fee incurred by a prisoner"); *Hendon*, 478 F. Supp. 2d at 1219 (finding that prisoners are "required to make monthly payments of 20 percent of their income for *each* civil action or appeal filed" (emphasis in original)). Accordingly, the court will deny Plaintiff's motion for sequential fee collection.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion to Consolidate Filing Fees" [Dkt. # 63] is DENIED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 23, 2010

8

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 23, 2010, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522